RICHMOND & DANVILLE RAILROAD CO. *v.* J. S. RUSH.

1. RAILROADS. *Injury to employe. Contributory negligence.*

   A rule of a railroad company requiring coupling and uncoupling of cars to be done by means of a stick, and forbidding employes to go between cars when a locomotive is attached, is reasonable and valid, and, for injury sustained through its violation, an employe who knew the rule, and contracted with reference to it, cannot recover.

2. SAME. *Rule of company. Conflicting order of conductor.*

   Although a brakeman, in uncoupling cars in violation of such rule, was acting under the order of the conductor, who had "the right to control or direct his services," within the meaning of § 193, constitution 1890, he cannot recover, since he was under no obligation to obey an order to violate a rule binding on all employes, including the conductor.

3. SAME. *Injury to employe. Violation of rule. Instruction.*

   An instruction in such case that the company is liable if the conductor ordered plaintiff to go between the cars to uncouple, having first taken from him his coupling-stick, and, without knowing that he had come out, negligently signaled the engineer to move, thus causing the injury, is erroneous, as authorizing a recovery regardless of the said rule of the company.

4. SAME. *Rule of company. Power of conductor to abrogate.*

   It is error to instruct that the company is liable, notwithstanding said rule, if the conductor knew of, and acquiesced in, plaintiff's violation

thereof, and occasioned the injury by negligently signaling the train to start. Granting that the conductor is the superior officer of the brakeman, he cannot dispense with such general rule.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

Appellee, J. S. Rush, was run over and permanently injured by defendant's cars, which he was endeavoring to uncouple, and brings this action to recover for the injuries. There was a judgment for $1,000 for plaintiff, and defendant, after motion for new trial overruled, appeals.

The testimony throwing light on the question of plaintiff's contributory negligence, which is the sole question passed upon by the court, is as follows:

Plaintiff was in the employ of defendant as brakeman on a freight-train, and on September 26, 1891, as his train approached Eupora, a station on defendant's road, the conductor told plaintiff and the other brakemen that there was a box-car to be taken from the train and left at the station, and directed plaintiff to uncouple it from the caboose. The train having stopped, in compliance with the order, plaintiff, who, with the conductor, was riding on top of the train, descended a ladder between the cars, and stood on a beam about twelve inches square that ran horizontally across the end of the car, and which formed a narrow platform on which one could stand while uncoupling. Odinarily it was an easy matter to stand on this beam and lean over and pull the pin from the link with one hand, holding on to the ladder with the other. This plaintiff tried to do, but the pin was fast, and he could not move it with one hand; so he got down on his knees on the beam and with both hands took hold of the pin, and, after shaking it, succeeded in moving it, but, just as he pulled it out, the conductor signaled the engineer to start, and the train moved forward with a sudden jerk, and the cars parted and plaintiff fell between them and was run over. His leg was badly crushed, necessitating amputation. At the time of giving plaintiff the order to uncouple,

the conductor was standing near him on top of the train, and asked plaintiff to let him have the coupling-stick which he carried in his hands, purposing himself to use it in setting a brake. Plaintiff thereupon gave up his stick and proceeded to uncouple with his hands. The conductor saw him go down between the cars, and presently, but before he came out, heard the signal " all right," and, supposing it came from plaintiff, signaled the engineer to start.

In behalf of the defendant it was shown that its printed rules, which were furnished to conductors and flagmen, among other things, prohibit brakemen from coupling or uncoupling cars except with a stick, and forbid brakemen or others to go between cars for that purpose when an engine is attached; and it was shown that plaintiff, who can read and write, when entering into the employment of defendant, signed a statement that he understood this rule, and agreed to observe it, and to waive all liability of the company for any results of disobedience of the rule, and further certifying that he had carefully read and fully understood the rule. Every brakeman was furnished a coupling-stick, and, as stated, plaintiff had one on the day of the accident. There was testimony for the defense that it was very difficult to uncouple with the stick, and that the foregoing rule was habitually, and with the knowledge and sanction of the conductor, violated by the brakemen on the train. But on these points the testimony was conflicting. It was shown, however, that train hands, plaintiff as well as others, had been careful to conceal from superior officers of the company their disregard of the rule, and that such officers had on several occasions discharged brakemen for violation of it.

Among other instructions given for plaintiff were these:

" 1. If the jury believe from the evidence that the conductor ordered plaintiff to uncouple two cars, and, when he was in the act of proceeding to do so, took from him his stick, and afterwards, while plaintiff was between the cars, uncoupling them, and obeying the orders of the conductor,

that the conductor, without any warning to or from plaintiff, and without knowing that he had come out from between the cars, gave the signal to start the train, and the engineer did start the train, and plaintiff was injured in consequence of it, then the plaintiff is entitled to recover damages for the legitimate consequences of the injury."

" 5. Although the jury may believe from the evidence that plaintiff was required by the rules of the company to use a stick in uncoupling its cars, yet, if they believe from the evidence that he was uncoupling without a stick, and this was known to the conductor who had control of the train and the right to direct its movements, and that said conductor, with such knowledge, and without any other fault or negligence on the part of plaintiff, caused the train to be suddenly and violently moved forward, by reason whereof the plaintiff was injured, then defendant would be liable to plaintiff for injury caused by the conduct of said conductor."

Verdict and judgment for plaintiff for $1,000. Motion for new trial overruled. Defendant appeals.

*A. F. Fox,* for appellant.

Neither custom nor usage can dispense with express stipulations in a contract. *Railroad Co.* v. *Graham,* 53 Am. & Eng. R. R. Cas., 400; *Railroad Co.* v. *Kolb,* 73 Ala., 396. Although the conductor knew the rule was violated, he had no authority to dispense with it. He himself was bound by the same rule. 53 Am. & Eng. R. R. Cas., 410, 417. It was not competent to show that the rule was impracticable and not observed. Employes are not the judges of the reasonableness of rules of the company, but are bound to obey them. 33 Ohio St., 227.

In disobeying the rule, plaintiff was guilty of contributory negligence. 31 Am. & Eng. R. R. Cas., 149, 190; 39 *Ib.,* 161, 289, 329; 53 *Ib.,* 396, note; 83 Ala., 518; 90 *Ib.,* 35, 69; Beach on Con. Neg., § 135.

The act being dangerous, it was contributory negligence regardless of the rule. 91 Ala., 435, 548; 84 *Ib.,* 137.

Every thing in the plaintiff's first instruction may be true, and yet plaintiff may have been guilty of gross contributory negligence. It assumes that it is the duty of the conductor to take care of plaintiff as if he were a child; that he must *know* when plaintiff has come out from between the cars, and out of danger, regardless of plaintiff's carelessness, and of the fact that plaintiff swears that there was no danger in standing on the beam and holding to the ladder. The fifth instruction for plaintiff is equally objectionable. If the train started with a sudden jerk, it was the act of the engineer, not the conductor.

*Critz & Beckett*, for appellee.

Plaintiff was not guilty of contributory negligence. He took his position on the platform provided for use in uncoupling. He was compelled to remain on the car to make the running switch. This was the safest position he could be in.

If there is the slightest conflict in the testimony as to contributory negligence, it is for the jury. So, where it cannot be said that men equally impartial and sensible might draw different conclusions. 46 Am. & Eng. R. R. Cas., 207; 49 *Ib.*, 358; 127 Ind., 142; 17 Wall., 657. If it is at all probable that an ordinary brakeman might have done the same thing under similar circumstances, presuming the train would not move, it is a question of fact for the jury. 46 Minn., 447; 131 Ill., 557; 24 Am. & Eng. R. R. Cas., 440; 8 Allen, 449; 43 Iowa, 662; 73 Ga., 744. Even if there were contributory negligence, plaintiff can recover, because the conductor, after sending him into a perilous position, signaled the train to move, without giving him a chance to get out. 43 Minn., 268; 90 Ala., 69; 91 *Ib.*, 517.

The company not having furnished any sufficient stick, it was not negligence to uncouple without it, or go between the cars. The rule had been totally ignored and abrogated. To be in force, rules must be more than printed. They must

be in use. The proof is, the cars could not be uncoupled with the sticks. On the question of complete abrogation of a rule by custom, see *Railroad Co.* v. *Nickels*, 53 Am. & Eng. R. R. Cas., 395; 98 Mo., 68.

It was the duty of the company to furnish cars that could be uncoupled with the sticks which it required the brakemen to use. 91 Ala., 518; 94 *Ib.*, 555; 31 Am. & Eng. R. R. Cas., 156.

The custom tends to show a waiver of the rule. 91 Ala., 314, 519; 92 *Ib.*, 310; 89 Ind., 455; 80 Tex., 155; 46 Minn., 446; 98 Mo., 69; 38 Am. & Eng. R. R. Cas., 124.

The conductor has power to waive the rule. 92 Ala., 310; Const. Miss. 1890, § 193.

Argued orally by *A. F. Fox*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

The real question in this case is as to the validity and obligation of the rule of the company requiring coupling and uncoupling of cars to be done by means of sticks, and forbidding the going between cars when an engine is attached. If this rule was in force, and obligatory on Rush, he certainly is not entitled to recover for an injury sustained in its violation. He knew the rule, and had contracted with reference to it, and, if he violated it and sustained injury in consequence of it, he cannot be heard to complain of his employer. He cannot shelter himself under the order of the conductor, for, even if it is conceded that the conductor, in directing the uncoupling, was " a person having the right to control or direct the services of the party injured," within the meaning of § 193 of the constitution of 1890, it cannot be held that he was under any obligation to obey an order of such person to violate the rule equally obligatory on the conductor and himself. Therefore the question whose resolution will decide this case, is as to the rule mentioned. It seems to be a very proper rule, and if it was in force and dis-

regarded without excuse by the unfortunate brakeman, he must bear the misfortune of his own indiscretion.

It is apparent that the trial court had a correct view of the decisive question in the case, and yet gave two instructions, drawn by the learned counsel for the plaintiff, by which the plaintiff may have obtained the verdict he got, without any regard to the rule in question. The first instruction for the plaintiff omits all reference to the rule, and entitles the plaintiff to recover if he acted upon the conductor's order, and suffered hurt from the negligence of the conductor in too soon giving the signal to the engineer to move. The fifth instruction makes the conductor's knowledge of the uncoupling without a stick, and too hastily causing the movement of the train, ground for recovery. Under these instructions the jury could hardly fail to find for the plaintiff, although correctly instructed otherwise perhaps. Both are wrong, and should have been refused. Be the relation of the conductor to the brakemen what it may, he surely had no authority to dispense with an existing rule made for him and for them, and neither his order nor his acquiescence, as to its violation, could give any right or have any just influence in the case.

What we have said is sufficient to dispose of this case, and we will not pass upon any other question, as that discussed is the decisive one upon which the case must finally turn. We would not be understood as approving all of the instructions given for the defendant, but, regarding the question as to the rule involved as the only material one, will not decide any thing else.

*Reversed, and remanded for a new trial.*