## IRA F. CHEAVES *v.* SOUTHERN RAILWAY COMPANY.

RAILROADS. *Constitution* 1890, *sec.* 193; *code* 1892, § 3559. *Fellow servants.*
Under constitution 1890, sec. 193, and code 1892, § 3559, providing that every employee of a railroad corporation shall have the same remedies for an injury suffered from the act or omission of the corporation or its employees as allowed to other persons not employees, where the injury results from the negligence of a superior agent or officer or one having the right to control the service of the party injured, a declaration in a suit by a fireman charging that he was injured by the negligence of the engineer who was a superior, having the right to control plaintiff's service (using the language of the constitution and statute in making the charge) is not demurrable.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Cheaves, appellant, was plaintiff in the court below, the railway company was defendant there. The plaintiff's injury was serious, the loss of a leg. The court below sustained a demurrer to the declaration and dismissed the suit, and plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Orr & Harrison, Hoke Smith* and *H. C. Peeples,* for appellant.

The kernel of the case lies in the claim made in the declaration that Cheaves, while in the discharge of his duties as fireman upon an engine of defendant at night, within the corporate limits of the city of Columbus, lost his leg because of the negligence of the engineer of said engine in running the engine into an engine and cars upon a track of defendant in said city; in other words, the fireman seeks to recover for an injury sustained because of the negligence of the engineer.

No question was made in the court below but that the allegations of negligence were sufficient, but the point upon which the case was dismissed was that Cheaves and the engineer were fellow servants, and hence one could not recover for an injury sustained by reason of the negligence of the other.

We call especial attention to the fact that in the declaration it was distinctly charged that Cheaves was injured by the negligence of a superior, and that the engineer had the right to control or direct his services.

In the face of such distinct allegations of the relations of this engineer and this fireman, will a suit be dismissed because of supposed relations of engineers and firemen generally, even if such supposed relations could justify the dismissal under the present law of Mississippi?

There was no demurrer to the declaration as amended for lack of particularity. The demurrer was general.

Let us come to the consideration of cases decided since the adoption of the constitution.

In *Evans* v. *L., N. O. & T. Ry. Co.,* 70 Miss., 527 (12 So. Rep., 581), it was held that a brakeman could not recover for an injury caused by the negligence of an engineer, because the engineer was not the superior of the brakeman, nor did he have the right to control or direct the services of the brakeman. It did not appear in that case that the relation of the engineer to the brakeman was defined by any particular rule of the railroad company, or was in any way different from the ordinary and usual relations of such employees. If the case had been one of conductor and brakeman, under the ordinary relations of these employees, and the rules generally in force on railroads as to them, the case would have been one which, it seems, would have been within the plain language of the constitution. See *R. & D. R. Co.* v. *Rush,* 71 Miss., 987.

In *Illinois, etc., R. Co.* v. *Price,* 72 Miss., 862 (18 So. Rep., 415), it was held that the yardmaster and switch engine foreman (who is equivalent to a conductor) were the superior serv-

ants to a brakeman, and for their negligence in failing to call his attention to a danger in coupling cars he could recover.

In *Farquhar et al.* v. *Ala. & V. Ry. Co.,* 78 Miss., 193 (28 So. Rep., 850), it was held that a yardmaster riding on a switch train was a fellow servant of the engineer. No attempt was made to bring that case under the constitution, but it was sought to induce the court to review previous decision as to who were fellow servants outside of the constitution.

In *Fenwick* v. *Illinois, etc., R. Co.,* 100 Fed., 247, a case arising in Mississippi, it was held that a member of a switching crew was a fellow servant of another of the crew, who had temporarily been made foreman, and was not within the constitutional provision. It appeared that the temporary foreman had no authority to command, was of the same rank, and had no power to employ or discharge.

This decision is not controlling here, and, while it is from a court of high rank and ability, we venture to say that it is of somewhat doubtful authority, since the fact that one was only temporary foreman should not matter, and the right to employ or discharge is not controlling as to superiority or the right to direct the services of another.

The cases from Mississippi, above mentioned, are all we have been able to find which appear to have any bearing on the question made in the present case, and it seems very clear that none of them determine it.

As we are without direct authority in Mississippi, let us turn to cases decided elsewhere, which, while not binding, are because of the similarity of the question made and the standing of the courts by which they were decided, highly persuasive.

In *Gal., H. & L. A. Ry. Co.* v. *Ford,* 46 S. W., 77, it was held that the question of fireman and engineer, being fellow servants, was properly for the jury, there being conflicting evidence as to whether the fireman was not subjected to the superintendence, control and direction of the engineer in such manner as to change the relation of fellow servant, by rule of the railroad relative to engineers.

In *Houston & T. C. R. Co.* v. *Stuart,* 48 S. W., 799, it was held that "an engineer, since he has authority to direct the fireman in the performance of his duties is not his fellow servant." The supreme court of Texas, in considering the case on writ of error (50 S. W., 333), held that the conclusion of the court of civil appeals on this point was not erroneous. The statute of Texas uses the language: "Authority of superintendence, control or command, or with authority to direct." Rev. Statutes of Texas, 1895, art. 4560.

In *St. Louis, etc., R. Co.* v. *Tuohey,* 67 Ark., 209 (54 S. W., 577), it was held that when it was the duty of an engine foreman and his crew to do any work needed in the yards, and the foreman had no power to employ the men, but only reported them for negligence or refusal to do their work, he was a vice-principal as to the crew, under the fellow servant act of that state. The language of that act on the material point is: "Authority of superintendence, control or demand . . . or with authority to direct any other employee, are vice-principals . . . and are not fellow servants."

In *Davis* v. *N. Y., N. H. & H. R. Co.,* 34 S. E., 1070 (159 Mass., 532), the supreme court of Massachusetts held that a foreman of a section gang who does no work but only looks on to see how it is done, is a person exercising superintendence under the employer's liability act of that state; and that an engineer is the person who had charge or control of the train under that act, so far as giving signals, or slacking speed at the approach of danger is concerned. The employer's liability act of Massachusetts is similar to that of England and Alabama.

In *C., H. & D. R. Co.* v. *Margrat,* 37 N. E., 11 (51 Ohio St., 130), the supreme court of Ohio held that an engineer in charge of a locomotive who has authority to direct or control a fireman on the same locomotive is a "superior" within the meaning of the Ohio statute of April 2, 1890 (87 Ohio laws, 150). The language of that statute is: "Having power or authority to direct or control . . . is not the fellow servant but superior of such other employee."

In *Union Pac. Ry. Co.* v. *Doyle,* 70 N. W., 43; 50 Neb., 555, it was held that it does not follow that one employee is not a vice-principal as to another because not vested with authority to hire and discharge such other. Further, that the most satisfactory evidence that one is the vice-principal is that his co-employees are under his supervision, his control, and subject to his orders and directions.

In *Crisswell* v. *Montana, etc., Ry. Co.,* 42 Pac., 767; 17 Mont., 189, it was held that both the conductor and engineer of a train are the superiors of a brakeman on the same train, within the meaning of the statutes of Montana of 1887, section 697 providing that "the liability of the corporation to a servant or employee acting under the orders of his superior shall be the same in case of injury sustained by default or wrongful act of his superior . . . as if such servant or employee were a passenger."

In 42 Fed. Rep., 483, it was held, under the same Montana statute, that a fireman could recover for the negligence of an engineer, they not being fellow servants under said statute.

A similar rule as to the same statute was made in 63 Fed., 114.

In *Rutherford* v. *So. Ry. Co.,* 56 S. C., 446; 35 S. E., 136, it was held that though one was a fellow servant of another and engaged in the same department of labor, he could recover for the negligence of such other if the latter had a right to direct his services. This holding was made under the constitution of South Carolina, which is identical in language with that of Mississippi.

There is a similar ruling in *Bussey* v. *C. & W. C. Ry. Co.,* 30 S. E., 477; 52 S. C., 438.

In the case of *Pierce, Receiver,* v. *Van Dusen,* 78 Fed., 693, it was held that a brakeman could recover for injuries received through the negligence of his conductor, under whose control and direction he was when injured; and that the negligence of a fellow servant for which the employer is made liable by

said statute is not merely negligence in the performance of a duty imposed on the master personally, but negligence in the performance of work pertaining to the negligent employee and others in the same work. This decision was by the circuit court of appeals of the Sixth circuit, and the opinion was delivered by Harlan, circuit justice.

In *C., H. & D. R. Co.* v. *Thiebaud,* 114 Fed. Rep., 918, it was held that the provision in the statute of Indiana (Laws, page 295), allowing recovery by one employee for injury sustained through the negligence of a co-employee, "and the person so injured obeying or conforming to the order of some superior, at the time of such injury, having authority to direct," was applicable, though the person injured was not acting at the time under any special direction of a superior, but merely acting in the line of his duty as an employee.

The statutes of Utah (Rev. Stat., 1898, sections 1342, 1343) provides that "all persons engaged in the service of any . . . corporation . . . who are entrusted by such corporation . . . as employer with the authority of superintendence, control or command of other persons in the employ or service of such employer, or with the authority to direct any other employee in the performance of any duties of such employee, are vice-principals of such employer and are not fellow servants." A fireman was killed by injuries which he received in a collision caused by the negligence of his engineer in running his engine too rapidly in approaching yard limits. The court held his administrator could not recover, notwithstanding the fact that the negligence was committed while the engineer was discharging the primary duties of the engineer and not the positive duties of the master. It was held, further, that the master was liable for the negligence of said superior servant, the engineer, whether the negligence was committed while he, the engineer, was exercising his authority to command or superintend others or not. This decision was made in the case of *So. Pac.* v. *Schoer,* 114 Fed. Rep., 466, by the circuit court of

appeals of the Eighth circuit, a court of high ability, and certainly not known to be too favorable to the claims of employees.

It is said the statute is a plain departure from the general rule of law, that there was no ambiguity in the terms of the statute, no uncertainty in its meaning, and no possible doubt of the purpose of the legislature in enacting it; that it was too positive to be disregarded, too plain for construction, and its manifest legal effect could not be ignored. Further, that to write into the statute, that the master would not be liable unless the negligent servant was actually engaged in exercising his authority of superintendence and control, would be to so amend it as to deprive it of the greater portion of its effect, in violation of its terms, and of the intention of the legislature, which its words clearly disclose.

Cannot the language of the circuit court of appeals be properly applied to the constitution of Mississippi? Are not the words of that instrument too positive to be disregarded and too plain for construction?

*Catchings & Catchings,* for appellee.

We regard it as settled law in this state that, notwithstanding the modification contained in section 193 of our constitution, an engineer and a fireman engaged in operating the same engine are fellow servants.

In *Railway Company* v. *Hughes,* 49 Miss., 285, after an elaborate inquiry into the whole question, the doctrine as to fellow servants was thus laid down:

"Who are 'fellow servants' within the rule? Those who are co-working in the same common enterprise, under the same master and compensated by him. Differences in wages and work do not affect the question, if the general business is the same. The conductor, engineer, brakeman and fireman are fellow servants with the same employees on every train. So they are with the switch-tenders, the track repairer, or watcher of trains to give signals, is in a common employment with the engineer, conductor and fireman of a train."

Under the rule thus laid down, clearly the appellant makes no case for himself. How far has this rule been modified by section 193 of our constitution? It is only so modified as to allow an action by one employee for an injury from the negligence of another where that other is a superior agent or officer, or a person having the right to control or direct the services of the party injured, or where the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured, or of a fellow servant on another train of cars, or one engaged about a different piece of work. As the engineer and the appellant were engaged about the same piece of work and on the same train of cars, and in the same department of labor, we are left only to inquire as to whether the engineer was a superior agent or officer, or as to whether he had the right to control or direct the services of the appellant within the intent and purpose of this section of the constitution.

We think that the opinion in *Evans* v. *Railway Company,* 70 Miss., 527, answers this inquiry in the negative. In that case the plaintiff was a brakeman and was injured by the negligence of the engineer, who had signaled for brakes, and, while they were being applied in pursuance of the signal, caused a movement of the train without proper warning, whereby the plaintiff was hurt. It was argued with great earnestness by counsel for the appellant in that case that the engineer was a superior of the brakeman within the meaning of the constitution, for the reason that in the matter of putting on and taking off brakes, the work in which the appellant was engaged when he received his injury, he was under the absolute control of the engineer, whose orders were imperative. This court, however, declared that the constitutional provision referred only to a superior agent or officer, of the sort well known as such, or to some other person to whom was entrusted the direction or control of others for the accomplishment of some end dependent on his independent orders, born of the occasion, sprung from

him as director, and not consisting of the mere execution of routine duties in pursuance of fixed rules by various employees, each charged with certain parts in the general performance. It was declared that the engineer and brakeman had reciprocal duties in enforcing the rules of the company for the successful operation of the train, and that superiority or right to control, in the sense of the constitution, could not be affirmed of them.    It was said that the constitution did not intend to abrogate the rule of law applicable to fellow servants in a common employment, but to modify it, and that to hold that in the operation of a train the engineer was a superior officer of the brakeman, merely because it was the duty of the brakeman to obey his signals, would be to entirely sweep away the rule as to fellow servants.

In the case of *Farquhar* v. *Railway Company,* 78 Miss., 193, this interpretation of the constitution was expressly approved, and the court called attention in terms to the case of *Railway Company v. Hughes,* 49 Miss., 285, and said that it was not at liberty to overrule it, because the constitutional convention of 1890, with full knowledge of the doctrine of that case, in defining by section 193 of the constitution the rights between employees and railroad corporations, did not abrogate that doctrine.

Counsel for appellant will doubtless endeavor to take this case out of the rules of this court hitherto made because of certain rules and regulations of the appellee which, they will insist, made the engineer a superior agent or officer, or a person having the right to control or direct the services of the appellant.    Before discussing these rules, we will observe that we are unable to make any distinction in our own minds between "a superior agent or officer" and "a person having the right to control or direct the services of the party injured."    If one employee has the right to control or direct the services of another, he is a superior agent or officer within the meaning of the constitution.    In saying this, however, we refer to a person

having such right of control as this court had in mind in making its utterance in *Evans* v. *Railway Company*, 70 Miss., 527. We think that small comfort will be derived by appellant from a consideration of the rules and regulations of the appellee.

Argued orally by *H. C. Pœples* and *James T. Harrison*, for appellant.

TERRAL, J., delivered the opinion of the court.

The constitution of the state of Mississippi (section 193) provides: "Every employee of any railroad corporation shall have the same right and remedies for any injury suffered by him from the act or omission of said corporation or its employees as are allowed by law to other persons not employees, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured." The plaintiff was the fireman upon the locomotive operated by an engineer of the appellee company, running upon the Southern Railway, in the operation of said road, and alleges that by the negligent or wilful act of the engineer of his locomotive he was grievously injured; that the wrongful act causing his injury was that of his superior agent, the engineer, who, in disregard of his duty, within the limits of the city of Columbus, ran his engine at the rate of forty miles per hour, and hurled it against the engine of the house track, where the latter had a right to be, etc. The case made by the declaration is a wanton wrong on the part of the engineer, the superior agent of the fireman, by which the latter was injured for life. It comes within the direct provision of the constitution, and yet it is demurred to. "*Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba fienda est,*" is a maxim of the common law. It is a rule for the interpretation of deeds, of acts of parliament, and other documents. According to this rule, it is not allowable to inter-

pret what has no need of interpretation, and the law will not make an exposition against the express words and intent of the parties or of the law-making body. Where there is manifest disagreement between the spirit and the letter of the law, the latter is made to yield to the real meaning as gathered from the whole instrument. But our constitution makers here made no mistake in the draft of section 193. There is no ambiguity of any sort that calls for construction. They have, we think, said what they intended, and they have meant, no doubt, what they have said. It is not our province to amend, repeal, or annul it. It makes its own interpretation. The plaintiff fireman was under the direction of the engineer. By the wrongful act of the latter he was injured. Section 193, constitution, gives him a remedy against the company.

*Reversed and remanded.*

### SUGGESTION OF ERROR.

*Catchings & Catchings,* for appellee, after the delivery of the foregoing opinion, filed a lengthy suggestion of error reviewing the allegations of the declaration, and making the following points: "The question calls for a construction of a most important provision of our state constitution. Judge Terral, as we understand his opinion, holds that, as a matter of law, the engineer was a superior officer of the fireman. He also affirms that the fireman was under the direction of the engineer. No allusion is made by him to the rules of the company, although it was expressly agreed that the rules of the company should be considered as especially pleaded. In our brief we referred to a number of rules which are clearly pertinent, and, in our judgment, controlling, and, as Judge Terral refers to none of them, we assume that our brief was by some means mislaid, and not before the court at all. Judge Terral affirms there is absolutely no room for construction; that the constitution is so plain and unambiguous that it needs no interpretation. This does not accord with the view hitherto taken

by this court of this constitutional provision. In the case of *Richmond & Danville R. R. Co.* v. *Rush,* 71 Miss., 987; 15 South., 133, its meaning was considered so doubtful that Judge Campbell declined to hold that a conductor, within the meaning of the constitution, is a 'person having the right to control or direct the services of the brakeman.' He did carefully consider and interpret that provision of the constitution in the case of *Evans* v. *R. R. Co.,* 70 Miss., 529; 12 South., 581. In that case the plaintiff was a brakeman, who was injured by the negligence of the engineer, who had signaled for brakes, and, while they were being applied in pursuance of the signals, caused a movement of the train without proper warning. It was claimed by counsel for Evans that the engineer was the superior agent, or officer, or person, having the right to control or direct the services of the brakeman, for the reason that the engineer had the right to signal for brakes, and that when he did so he directed, as he had a right to do, the services of the brakeman in the matter of applying the brakes. This was the case as presented to the court, and upon this case Judge Campbell proceeded to interpret the constitution. He stated that it was not designed by the constitution to abrogate the rule of law applicable to the fellow servant in a common employment, but merely to modify it to the extent as indicated by section 193 of the constitution. He denied that the engineer was a superior agent or officer of the brakeman, or that he was a person having the right to control or direct his services, within the meaning of the constitution. He declared that the doctrine that one employee is the superior agent or officer or person having the right to control or direct the services of another employee contains no room for application when the two employees are engaged in the performance of the ordinary duties prescribed for them respectively by the rules of the company and the nature of the service. Judge Campbell then elaborated this view, and in language so perspicuous and virile that no man can add any strength to it. He divided the

section of the constitution into two parts; the first having reference to an injury resulting from the negligence of a superior agent or officer, and the second having reference to the negligence of a person having the right to control or direct the services of the party injured. As to the meaning of the expression 'superior agent or officer,' he said, 'The constitutional provision has reference to a superior agent or officer of the sort well known as such.' The superior agent or officer of the sort well known as such is one whose position, powers, and duties mark him out plainly as being a vice-principal, and it cannot be said that an engineer of a train, while discharging his ordinary duties, can be put in the position of a vice-principal. Judge Campbell thus defines what is meant by 'a person having a right to control or direct the services of the party injured': 'A person in the company's service, by whatever name, who may be entrusted with the right to control and direct the services of others according to his discretion and judgment; one to whom is committed the direction and control of others for the accomplishment of some end depending on his independent orders born of the occasion, sprung from him as a director, and not consisting of the mere execution of routine duties in pursuance of fixed rules by various employees, each charged with certain parts in the general performance.' Judge Campbell continues: 'It may be that, under some circumstances, the engineer may be the superior of the brakeman in the meaning of the constitution, but in the operation of the train in accordance with the rules, one is no more superior than the other, and they are not within the rule established by the constitution.' Judge Campbell iterates and reiterates throughout his opinion that this provision of the constitution can never apply where both employees are engaged in the discharge of routine duties in pursuance of fixed rules established by the company for the general government of the various employees. We submit that this opinion, which contains no allusion to the opinion by Judge Campbell, is diametrically opposed to it, and over-

rules it.   We respectfully submit that it abundantly appears from an inspection of the rules of the company that the engineer occupies no such relation to the fireman as that contemplated by the constitution."   Counsel here quoted and commented upon a number of the rules of the company regarding the relations of the engineer and fireman, insisting that they are largely upon the same footing.

WHITFIELD, C. J., delivered the opinion of the court in response to the suggestion of error.

The cause of action is stated in the very language of the constitution.   How could a cause of action thus stated be demurred to?   The opinion of Brother Terral correctly said, speaking of the declaration, "It comes within the direct provision of the constitution, and yet it is demurred to."   The constitution provides not only that "a superior agent" is not a fellow servant of those over whom he is such superior agent, but it also expressly declares that "any person having the right to control or direct the services of the party injured" is not a fellow servant of such person.   The question is, not what the rules of the company may provide, but whether the fact is, as shown by the proof, that the person suing was injured by the negligence of some other servant of the company who was either a "superior agent or officer," or, if not, was a "person having the right to control or direct the services" of the party injured.   It is not a question whether the duties are what are called "routine" duties in the *Evans Case,* 70 Miss., 529; 12 South., 581.   The question is simply and merely whether the person suing has been injured by the negligence of another servant having the "right to control or direct his services," whether that right to so control and direct springs from any rules of the company or from the course of business as shown by the testimony.   Now, this declaration distinctly avers the cause of action to be that the appellant was injured by the negligence, wilful and wanton, of the engineer, who is averred

to have had "the right to control and direct his services." The demurrer admitting this, must, of course, be overruled. The case should be developed on its facts, and, if the testimony shall show that the engineer did not have the "right to direct and control the services of the fireman," the defendant can seek the benefit arising from such testimony by proper instructions. Counsel himself concedes that circumstances may arise under which an engineer would have such right. This admission shows that the action of this court in overruling the demurrer was proper, since the declaration stated the identical cause of action the constitution declares shall be good. Whether one servant is under the control or direction of another servant is not to be determined by the rules of the company. It is to be determined always by the facts in the case and the nature of the act performed. The facts surrounding the act itself, and the actual relation of the two servants to the act, these facts are the only proper tests of whether one servant is under the control or direction of another. If the mere paper rules are to determine this question, then they would settle the matter in those cases even where the facts plainly show that the servant suing was clearly under the control and direction of the servant whose negligence caused the injury. The rules of the company are, of course, competent evidence, but they are simply evidence at last; and whenever the facts in any given case show that, notwithstanding the rules, what occurred in the particular case demonstrates the one servant to have been injured by the negligence of another servant, who had the right to control and direct his services, the facts, and not rules, must govern. But it is said that the rules here were agreed to be treated as part of the declaration. If this be granted, we find nothing in the rules to aid appellant. On the contrary, on page 112 of the rules of the railroad company (rule No. 574) we find the following: "When with the engine, they [meaning the firemen] must obey the orders of the engineman." This shows clearly that, even according to the rules,

the fireman when with the engine is not a fellow servant of the engineer. We wish to add that the very able and learned brief of counsel for appellant was not overlooked on the first hearing of this case. It was read and re-read, and all the authorities examined. The case was considered for some months, and the deliberate conclusion reached is, in our judgment, clearly correct.

*Suggestions of error overruled.*